# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EDDIE PEREZ,

      Petitioner,

vs.                                         No. 98cv0574 M/JHG

TIM LEMASTER, Warden,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This habeas corpus proceeding, filed pursuant to 28 U.S.C. § 2254, is before the Court on Respondent's Motion to Dismiss filed July 29, 1998. In his Petition, Perez alleged he is entitled to a writ of habeas corpus with respect to his conviction in the case styled *State of New Mexico v. Eddie Perez*, Fifth Judicial District, County of Lea, State of New Mexico, and numbered 95-120, due to an invalid guilty plea, the prosecution's failure to disclose favorable evidence, and double jeopardy. In his motion to dismiss, Respondent contends Perez fails to state a meritorious federal constitutional claim.

In assessing a motion to dismiss, the court must accept all the well-pleaded allegations as true and must construe them in a light most favorable to the plaintiffs. *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995). A case may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only if the plaintiff can prove no set of facts to support a claim for relief. *David v. Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). Application of Fed.R.Civ.P. 12 (b) to Respondent's motion to dismiss is appropriate pursuant to Rule 11 of the Rules Governing Section 2254 Cases.

A primary question in this case is whether the Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case. The AEDPA applies to all cases filed after April 24, 1996. *Lindh v. Murphy*, 117 S.Ct. 2059 (1997). In this case, the Petition was filed on May 12, 1998. Thus, the AEDPA applies to this case.

The AEDPA increased the deference afforded the factual findings and legal determinations of state courts. *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). Under the AEDPA, a state court factual determination is presumed correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When reviewing a mixed question of law and fact, a federal court may grant habeas relief only if it determines that the state court decision rested on an unreasonable application of clearly established federal law, as determined by the Supreme Court, to the facts of the case. *Drinkard v. Johnson*, 97 F.3d 751, 768 (5th Cir. 1996). Purely legal questions, on the other hand, are reviewed to determine whether they are contrary to clearly established federal law, as determined by the Supreme Court. *Id.*

In order to properly apply the appropriate AEDPA standards to Perez's claims, this Court must, at a minimum, review the state court record. *Harpster v. State of Ohio*, 128 F.3d 322, 327 (6th Cir. 1996). Accepting the allegations of the Petition as true and affording him the benefit of all reasonable inferences, Perez may be able to establish he is entitled to relief. Fed. R. Civ. P. 12(b); *David v. Denver*, 101 F.3d at 1352 (10th Cir. 1996). Contrary to Respondent's assertions, it is not possible to resolve Perez's issues by merely reviewing the materials attached to the Answer. Therefore, Respondent's Motion to Dismiss should be denied.

## RECOMMENDED DISPOSITION

Respondent's Motion to Dismiss filed July 29, 1998 should be denied.


_____
JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

## NOTICE
Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1)**, file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.