# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EDDIE PEREZ,

    Petitioner,

vs.                                                       No. 98cv0574 M/JHG

TIM LEMASTER, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This habeas corpus proceeding, filed pursuant to 28 U.S.C. § 2254, is before the Court on Respondent's Motion to Dismiss filed July 29, 1998. In his Petition, Perez alleged he is entitled to a writ of habeas corpus with respect to his conviction in the case styled *State of New Mexico v. Eddie Perez*, Fifth Judicial District, County of Lea, State of New Mexico, and numbered 95-120, due to an invalid guilty plea, the prosecution's failure to disclose favorable evidence, and double jeopardy. In his motion to dismiss, Respondent contends Perez fails to state a meritorious federal constitutional claim.

    In assessing a motion to dismiss, the court must accept all the well-pleaded allegations as true and must construe them in a light most favorable to the plaintiffs. *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995). A case may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only if the plaintiff can prove no set of facts to support a claim for relief. *David v. Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). Application of Fed.R.Civ.P. 12 (b) to Respondent's motion to dismiss is appropriate pursuant to Rule 11 of the Rules Governing Section 2254 Cases.

A primary question in this case is whether the Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case. The AEDPA applies to all cases filed after April 24, 1996. *Lindh v. Murphy*, 117 S.Ct. 2059 (1997). In this case, the Petition was filed on May 12, 1998. Thus, the AEDPA applies to this case.

Respondent argues the state trial court's findings and conclusions are entitled to a presumption of correctness under 28 U.S.C. § 2254(d) and (e). The AEDPA increased the deference afforded the factual findings and legal determinations of state courts. *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). The AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

28 U. S. C. § 2254(d)(1) and (2).

The AEDPA, unfortunately, provides no further illumination about the intended meaning of the terms and as a result there is a split among the circuits construing this section. Some circuits have held that AEDPA imposes a very high standard of deference. *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *petition for cert. filed*, (Aug. 17, 1998) (No. 98-6528); *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, ____ U.S. ____,117 S.Ct. 1114, 137 L.Ed.2d 315 (1997)(*overruling on other grounds recognized by United States v. Carter*, 117 F.3d 262, 264 (10th Cir. 1997)), *cert. denied,* ___ U.S. ____, 117 S.Ct. 1114, 137 L.Ed.2d 315

(1997); *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998), *petition for cert. filed,* (Oct. 7, 1998)(No. 98-7096). Other courts have held that the level of deference cannot be so high so as to interfere with the federal court's power to decide cases. *See O'Brien v. DuBois*, 145 F.3d 16 (1st Cir. 1998).

The Tenth Circuit employed the standard set forth in *Drinkard* in *White v. Scott*, 141 F.3d 1187 (table), 1998 WL 165162, *2 (10th Cir. April 9, 1998). Although this is an unpublished decision, the Court finds it appropriate to employ the same standard:

> An application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

*White v. Scott*, 1998 WL 165162 at *2; *Drinkard v. Johnson*, 97 F.3d at 769.

In order to properly apply the appropriate AEDPA standards to Perez's claims, this Court must, at a minimum, review the state court record. *Harpster v. State of Ohio*, 128 F.3d 322, 327 (6th Cir. 1996). Accepting the allegations of the Petition as true and affording him the benefit of all reasonable inferences, Perez may be able to establish he is entitled to relief. Fed. R. Civ. P. 12(b); *David v. Denver*, 101 F.3d at 1352 (10th Cir. 1996). Contrary to Respondent's assertions, it is not possible to resolve Perez's issues by merely reviewing the materials attached to the Answer. Therefore, Respondent's Motion to Dismiss should be denied.

## RECOMMENDED DISPOSITION

Respondent's Motion to Dismiss filed July 29, 1998 should be denied.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these amended proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1)**, file written objections to such amended proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the amended proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.