# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**EDDIE PEREZ,**

   **Petitioner,**

**vs.**              **No. 98cv0574 M/JHG**

**TIM LEMASTER, Warden,**

   **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## <u>AND RECOMMENDED DISPOSITION</u>

   This matter is before the Court on Petitioner's (Perez) Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Perez, currently in state custody, attacks the Judgment, Sentence, and Commitment imposed in the case styled *State of New Mexico v. Eddie Perez*, and numbered CR 95-120, Fifth Judicial District, Lea County, State of New Mexico.  Having considered the arguments of counsel, pleadings, record proper, relevant law, and being otherwise fully informed, the Court finds the Petition for a Writ of Habeas Corpus is without merit and recommends that it be denied.

   On August 25, 1994, Perez was charged by criminal information with two counts of aggravated burglary, second degree felonies with firearm enhancements as to each count.  Record Proper (RP) 1.  On July 18, 1995, at his plea hearing, Perez entered a plea and disposition agreement which was filed with the court.  RP 101, 102.  On the same day, a "Guilty Plea

Proceeding" form also was filed.  Judge Larry Johnson initialed or qualified each paragraph of the

Guilty Plea Proceeding form and signed the form along with Perez and his counsel.  RP 103, 104.

On September 26, 1995, Judge Johnson deferred sentencing and committed Perez to the Western

New Mexico Corrections center for a diagnostic evaluation.  RP 107.  On March 20, 1996, Judge

Johnson sentenced Perez to nine years of incarceration for each count of aggravated burglary.  RP

112, 113.  The terms were to run concurrently, with all but 364 days suspended, and with the

remainder of Petitioner's sentence to be served in the Lea County Detention Center.  *Id.*  Judge

Johnson also ordered probation for a period of five years.  An Order of Probation placing Perez

on probation for five years was filed on August 7, 1996.  RP 116.  One of the conditions of

probation listed in the Order of Probation required that Perez "not violate any of the laws or

ordinances of the state of New Mexico or any municipality thereof or any law or ordinance of

these United States, or any state thereof."  *Id.*

On September 4, 1996, Perez was arrested and charged in Lea County with receiving

stolen property, cause number CR 96-323.  RP 158.  Consequently, on November 13, 1996, the

State filed a motion to revoke probation requesting the court revoke Perez' probation and impose

the remainder of the suspended sentence.  RP 120, 121.  Perez' probation violation hearing was

scheduled for June 23, 1997, and his criminal trial on the charge of receiving stolen property was

scheduled for July, 1997.

On June 23, 1997,  Judge Gary L. Clingman conducted a hearing on the motion to revoke

probation.  At the conclusion of the revocation hearing, Judge Clingman found Perez had violated

the terms and conditions of his probation and revoked his probation.  Judge Clingman sentenced

Perez to nine years as to each count of aggravated burglary, to run concurrently, and awarded

685 days of credit for time already served.  RP 145.

On July 7, 1997, the State entered a *nolle prosequi* in cause number CR 96-323.  RP 170. As grounds for dismissing the criminal charges against Perez, the State asserted that "defendant's conditions of probation have been violated in another case.  Defendant has been sentenced to nine years in the New Mexico State Penitentiary and it is in the best interest of justice this case should not be further prosecuted."  *Id.*

Perez filed a notice of appeal of the revocation on July 14, 1997.  RP 148.  On October 22, 1997, the New Mexico Court of Appeals affirmed the trial court's order revoking Perez' probation.  Resp't's Answer Br., Ex. I.  The New Mexico Supreme Court denied certiorari review in its Order filed December 15, 1997.  *Id.*, Ex. L.

Pursuant to 28 U.S.C. § 2254, Perez filed his original federal petition for a writ of habeas corpus on May 12, 1998.  Respondent filed its Answer on July 27, 1998.  On July 29, 1998, Respondent filed a Motion to Dismiss the Petition.  The magistrate judge issued Proposed Findings and Recommended Disposition on November 25, 1998.  Respondent filed objections to the Magistrate Judge's Proposed Findings and Recommended Disposition on December 10, 1998. On December 28, 1998, the magistrate judge issued additional Proposed Findings and Recommended Disposition.  On January 7, 1999, Respondent filed additional objections.  On January 22, 1999, the district judge filed an order adopting the Magistrate Judge's recommendations and denied Respondent's Motion to Dismiss.

Perez raises the following issues in his petition:

I.  Petitioner was denied his right to due process of law because: (A) his plea of guilty was not validly obtained, and (B) the trial court allowed the prosecution to proceed first on the probation revocation hearing (with its lesser burden of proof)

3

and then to dismiss the criminal charges pending against Petitioner after his
probation was revoked and he was sentenced to a term of incarceration.

II.  Whether Petitioner's right to be free from double jeopardy was denied when
the trial court imposed a sentence of incarceration in lieu of probation after finding
that Petitioner violated his original sentence of probation.

Perez' first claim asserts his conviction was obtained by a plea of guilty which was unlawfully

obtained.  Perez contends "he never pleaded guilty throughout the entire proceedings; that the

plea was determined and stated by the prosecutor and the court."  Mem. Br. in Supp. of Pet'r Pet.

for a Writ of Habeas Corpus at 9.

In *Marby v. Johnson*, 467 U.S. 504 (1984), the Supreme Court stated:

It is well settled that a voluntary and intelligent plea of guilty made by an accused
person, who has been advised by competent counsel, may not be collaterally
attacked.  It is also well settled that plea agreements are consistent with the
requirements of voluntariness and intelligence– because each side may obtain
advantages when a guilty plea is exchanged for sentencing concessions, the
agreement is no less voluntary than any other bargained-for exchange.  It is only
when the consensual character of the plea is called into question that the validity of
a guilty plea may be impaired.

*Id.* at 508-09.   A plea of guilty must be intelligent and voluntary to be valid.  *See e.g., McCarthy*

*v. United States*, 394 U.S. 459 (1969); *Boykin v. Alabama*, 395 U.S. 238 (1969).  The standard

as to the voluntariness of guilty pleas was set out in *Brady v. United States*, 397 U.S. 742 (1970).

"(A) plea of guilty entered by one fully aware of the direct consequences, including
the actual value of any commitments made to him by the court, prosecutor, or his
own counsel, must stand unless induced by threats (or promises to discontinue
improper harassment), misrepresentation (including unfulfilled or unfulfillable
promises), or perhaps by promises that are by their nature improper as having no
proper relationship to the prosecutor's business (e.g. bribes).'"

*Id.* at 755.(quoting *Shelton v. United States*, 2246 F.2d 571, 572, n.2 (5th Cir. 1957)(en banc) (in

turn quoting 242 F.2d 101, 115, *rev'd on other grounds,* 356 U.S. 26 (1958)).

A review of the state record indicates that Perez's plea was intelligent and voluntary.  At the July 18, 1995 plea hearing, Perez was represented by counsel and was provided an interpreter. The tape of the proceedings makes clear that the state district judge carefully questioned Perez about his (1) education; (2) his occupation; (3) whether he was under the influence of alcohol, medications, or illegal drugs; and (3) whether he was being treated by any doctor.  Plea Hearing Tape at 11.28-13.12.   The state district judge explained to Perez what he was charged with and explained the possible sentence.  *Id.* at 15.59-17.01.  The state district judge asked Perez  whether he understood the charges and the possible sentence, and Perez  replied that he did.  *Id.* at 18.22. The state district judge then explained each constitutional right Perez was waiving by entering a plea of guilty and asked Perez if he understood these rights and whether he still wished to plead guilty.  *Id.* at 18.30-20.35.  Perez responded that he understood each constitutional right he was waiving and consented to waiving them.  *Id.* at 20.35.  The state district judge then asked the prosecutor and defense counsel if they believed there "existed  a basis in fact for believing that the defendant was guilty of the offenses charged . . . ."  *Id.* at 20.36-21.29.  Defense counsel concurred with the prosecutor's presentation of the facts and his belief that defendant was guilty of the offenses charged.  *Id.* at 21.22.  The state district judge again asked Perez whether he understood the plea agreement and whether the plea agreement was voluntary.  *Id.* at 21.40-22.18.  Perez responded yes to both questions.  *Id.*  When asked if the plea agreement was the result of force or a promise not outlined in the plea agreement, Perez responded no. *Id.* at 22.24-22.54.  Finally, defense counsel went over the plea agreement with Perez, specifically advising him that by signing it Perez was stating he understood the terms of the agreement, that the judge had advised him of his constitutional rights and that he still wished to plead guilty.  *Id.* at 24.42-

25.22.  Perez signed the plea agreement.  Based on the foregoing facts, the Court finds that the

state district judge conducted a constitutionally adequate inquiry and that Perez' plea was

intelligent and voluntary.

Perez also claims that his conviction was obtained by the "unconstitutional failure of the

prosecution to disclose . . . evidence favorable to the defendant."  Mem. Br. in Supp. of Pet'r Pet.

for a Writ of Habeas Corpus at 10.  However, other than this conclusory statement, Perez fails to

show what favorable evidence the prosecutor failed to disclose.  Conclusory allegations alone are

insufficient to state a valid claim.  *See, e.g., Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).  Perez' claim therefore fails.

Perez next contends that the state district judge violated his due process rights by allowing

the State to proceed first with the revocation hearing and then allowing the State to dismiss the

pending criminal charges after the state district judge revoked Perez' probation and sentenced him

to a term of incarceration.  Perez contends "the criminal charges were never validly determined

because the State elected not to prosecute [him] after he was ordered to serve the remainder of

his sentence of incarceration.  Mem. Br. in Supp. of Pet'r Pet. for a Writ of Habeas Corpus at 11.

However, "a conviction of a subsequent criminal offense is not necessary to the revocation of

suspension and the invocation of a prior suspended sentence."  *State v. Baca*, 80 N.M. 527, 528

(Ct.App. 1969).  The proof  of a violation of a condition of probation need not be established

beyond a reasonable doubt.  *State v. Martinez*, 108 N.M 604, 606 (Ct.App. 1989).  The proof

necessary at a revocation hearing is "that which inclines a reasonable and impartial mind to the

belief that a defendant has violated the terms of probation."  *Id.*   "The court ha[s] the power to

revoke the suspension of sentence and to thereupon invoke the same, upon proof being made of

6

the violation of the condition of probation." *State v. Baca*, 80 N.M. at 528.   Therefore, the Court finds that the state district judge did not violate Perez' due process rights by holding the revocation hearing before the State had tried Perez on the criminal charges which were the basis for the revocation hearing.  Accordingly, this claim also fails.

Finally, Perez claims the state district judge violated his right to be free from double jeopardy when he found Perez had violated conditions of his probation and sentenced him to serve the remainder of the nine years originally imposed.  However, sentencing on revocation of probation does not place the defendant in double jeopardy.  *Gillespie v. Hunter*, 159 F.2d 410 (10th Cir. 1947); *Thomas v. United States*, 327 F.2d 795 (10th Cir.), *cert. denied,* 84 S.Ct. 1936 (1964).  Under N.M.Stat.Ann. § 31-21-15(B), the state district judge, after finding that a violation of probation has been proven, may continue the original probation, revoke the probation, and either order a new probation or require the probationer to serve the balance of the sentence imposed or any lesser sentence.  In this case, the state district judge ordered Perez to serve the balance of the sentence imposed in cause No.CR 95-120 J.   Accordingly, Perez' double jeopardy claim also fails.

## RECOMMENDED DISPOSITION

The Petition for a Writ of Habeas Corpus brought by a person in state custody pursuant to 28 U.S.C. § 2254 should be denied.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

7

## <u>NOTICE</u>

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.